**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr., Esquire
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT HARPER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | DOCKET NO: 3:19-cv-21735-FLW-ZNQ |
| vs. | : | |
| AMAZON FLEX; AMAZON.COM SERVICES, INC. and JOHN DOES 1-5 AND 6-10. | : | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff, Robert Harper, residing in the State of New Jersey, on behalf of himself and all other similarly situated Plaintiffs in the State of New Jersey:

### Preliminary Statement

This matter is opened to the court pursuant to the New Jersey Wage Payment Law ("WPL") and its prohibition against wage theft, and for failure to pay minimum wage, and failure to pay overtime. Plaintiff further brings this claim based on the common law causes of action in the State of New Jersey for breach of contract and conversion.

### Reason for Amendment

To add additional facts relevant to the claims made in Defendant's Motion to Compel Arbitration or in the Alternative Partially Dismiss

## Identification of Parties

1. Plaintiff Robert Harper is, at all relevant times herein, a resident of the State of New Jersey and former employee of Defendant as an Amazon Flex Driver.

2. Defendant Amazon.com Services, Inc. ("Amazon") was, at all relevant times herein, a corporation operating in the State of New Jersey with its service of process address at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## Class Action Averments

4. Plaintiff brings this case on behalf of himself and all others similarly situated.

5. Plaintiff and similarly situated employees employed on or after the date three years immediately preceding the filing date of this Complaint as Amazon Flex Drivers have been willfully misclassified as "contractors" instead of as employees and denied minimum wage, denied overtime for hours worked in excess of 40 per week, have had tips unlawfully withheld and have been denied payment of agreed upon wages due for all hours worked.

6. The number of Amazon Flex drivers working for Defendant Amazon.com Services, Inc. (herein after referred to "Amazon") during the years relevant to this claim is unknown, but it is averred that this number is so numerous that joinder of all members of the putative class would be impracticable.

7. There are questions of law or fact common to the class, inasmuch as the mechanism of injury is identical for all Plaintiffs in that they are all Amazon Flex drivers in the

State of New Jersey, and the mechanism of harm is identical for all in that they have been deprived of fair compensation for the work that they have performed.

8. The claims of Plaintiff are identical, in fact and in law, to the claims of the class.

9. The defenses to the claims of the Plaintiffs are identical to the defenses to claims of the class. The representative Plaintiff will fairly protect the interests of the class.

10. The prosecution of separate actions by individual Plaintiffs would bear a risk of inconsistent or varying results with respect to individual members of the class that might therefore establish incompatible standards of conduct for the Defendants opposing the class.

11. As well, the prosecution of separate actions by individual members of the class would pose a risk of adjudications with respect to the individual claims that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication and would substantially impair or impede the ability to protect such interest.

12. It is averred that Amazon has acted and/or refused to act on grounds generally applicable to all potential class members, therefore making appropriate injunctive relief or a corresponding declaratory relief with respect to the class as a whole desirable.

13. Questions of law and fact common to the members of the class predominate over any questions which affect individual members.

14. A class action is a superior vehicle to other available methods for the fair and efficient adjudication of this controversy.

15. The interests of the members of the potential class and individually controlling the prosecution or defense of the separate actions is or should be secondary to the interests of adjudicating the broader social issue represented by the alleged illegal conduct.

16. Upon information and belief, there is no other identical litigation regarding these specific issues against the Defendant in this matter or on behalf of any potential class members in the State of the New Jersey.

17. It is desirable to concentrate the litigation of these claims in one forum, at one time, since specific illegal conduct is alleged to all members of the class, and since once standard of conduct should emerge therefrom.

18. It will not be difficult to manage this action, since it is not anticipated that there will any unique individual issues affecting claims or class members that would predominate over the allegations above.

## General Allegations

19. Plaintiff worked as an Amazon Flex driver from April 26, 2019 through August 13, 2019.

20. During the time Plaintiff worked as an Amazon driver, Plaintiff signed a contract that stated Plaintiff would receive a minimum of $18.00 per hour, and would receive 100% of customer tips Plaintiff received.

21. Amazon provides delivery service of consumer electronic goods to its customers on a nationwide basis, including in the State of New Jersey.

22. Amazon contracts directly with Amazon Flex drivers in the State of New Jersey to conduct these deliveries.

23. Although classified as independent contractors, Amazon Flex Drivers are actually employees within the meaning of the New Jersey Wage Payment Law and New Jersey Wage and Hour Law.

24. Amazon Flex Drivers receive unpaid training regarding how to interact with customers and how to handle issues they encounter while making deliveries.

25. Amazon Flex Drivers must follow Amazon's instructions regarding where to make deliveries, orders, and which route to take.

26. Amazon Flex Drivers can be penalized or terminated for missing scheduled shifts.

27. Amazon Flex Drivers also must follow requirements and rules imposed on them by Amazon and are subject termination, based on Amazon's discretion.

28. Amazon Flex Drivers can be disciplined or terminated for their failure to adhere to Amazon's requirements including, but not limited to, rules regarding their conduct with customers, their timeliness in making deliveries, their scanning of packages, and their conduct when picking up or returning packages to the warehouse.

29. Amazon Flex Drivers provide their own vehicle, but are required to place an Amazon sign on the vehicle.

30. Amazon Flex Drivers' services are fully integrated with Amazons businesses.

31. Amazon Flex Drivers are told they will be paid by the hour; however, the Amazon Flex Drivers are actually paid by the "block".

32. Amazon Flex Drivers are given a predetermined amount of packages, determined by Amazon, and those packages are supposed to be delivered within a two hour block of time.

33. Whether the drivers deliver the packages before the two hour block of time, or after the two hour block, the drivers are paid the same amount of money.

34. During the time Plaintiff worked for Amazon, Plaintiff would arrive at the warehouse to pick up his packages and the packages would not be ready.

34(a)   Plaintiff and the other class members retrieved packages from Amazon warehouses located in the state of New Jersey.

34(b)   Plaintiff and other class members delivered those packages to locations in the State of New Jersey and across state lines to locations in the State of New York.

34(c)   Plaintiff and other class members would work in excess of forty (40) hours per week, but were not paid time-and-a-half for hours worked in excess of forty (40) hours in a given week.

35.   On other occasions, Plaintiff would arrive at the warehouse to pick up his packages and there would be a malfunction with scanning and electronic equipment, and Plaintiff would have to wait for his packages.

36.   On other occasions, Plaintiff would arrive at Amazon to pick up his packages, and Amazon employees would not be able to open the doors or access his packages because certain employees arrived late.

37.   These acts, along with other incidences that were not the fault of the Plaintiff, often caused Plaintiff to have to begin his "block" late.

38.   Plaintiff would then take longer than the two hour block of time to deliver the packages.

39.   When Plaintiff would take longer than the two hour block of time to deliver the package, Plaintiff would submit a request to Amazon for additional compensation as a result of the additional work that he did.

40.   However, on numerous occasions, Amazon either failed to compensate Plaintiff the amount that he was due, or failed to compensate Plaintiff at all for the additional hours he worked.

41. Plaintiff was also told by customers on multiple occasions that they tipped Plaintiff electronically.

42. However, Plaintiff was not given the tips by Amazon.

43. Upon information and belief, similarly situated employees were also denied tips.

44. Upon information and belief, similarly situated employees did not receive compensation for all hours worked.

45. Plaintiff complained to Amazon about all of the problems listed in this complaint.

46. Plaintiff and other Amazon Flex Drivers were also not compensated for necessary business expenses that they must pay such as gas and car maintenance.

47. Defendant terminated Plaintiff as a result of his complaints about Defendant's failure to properly compensate Plaintiff.

48. As a result of the allegations set forth above, Plaintiff and the similar situated class members have been made to suffer economic and non-economic harm.

## COUNT I

### Violation of the Wage Payment Law for Failure to Pay Minimum Wage

49. Plaintiff hereby repeats and realleges paragraphs 1 through 48, as though fully set forth herein.

50. In failing to pay Plaintiff and similarly situated employees for the full amount of hours worked and failing to ensure that Plaintiff and other Amazon Flex Drivers who have worked in the State of New Jersey were paid in compliance with the New Jersey State minimum wage, after accounting for expenses they paid that were necessary to perform their job, Defendant failed to pay Plaintiff and similarly situated class members the minimum wage in violation of New Jersey's WPL.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendants jointly, severally and in the alternative, together with due and unpaid minimum wage, liquidated damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, interest and any other relief the Court deems equitable and just.

## COUNT II

### Failure to Pay Overtime Under the Wage and Hour Law

51. Plaintiff hereby repeats and realleges paragraphs 1 through 50, as though fully set forth herein.

52. Defendant has failed to pay Plaintiff and all others similarly situated time and one half their regular hourly rate for hours worked in excess of forty per week, in violation of the New Jersey Wage and Hour Law.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendants jointly, severally and in the alternative, together with due and unpaid overtime, liquidated damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, interest and any other relief the Court deems equitable and just.

## COUNT III

### Wage Theft Under the WPL

53. Plaintiff hereby repeats and realleges paragraphs 1 through 52, as though fully set forth herein.

54. For the reasons set forth above, Defendant has violated the New Jersey Wage Payment Law in failing to pay Plaintiff and all others similarly situated the agreed upon wage and withholding tips paid by customers.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Defendants jointly, severally and in the alternative, together with applicable compensatory damages, economic damages including unpaid wages and unpaid tips, liquidated damages, punitive damages, cost of suit, attorneys' fees, enhanced attorneys' fees, interest and any other relief the Court deems equitable and just.

## COUNT IV

### Civil Conversion

55. Plaintiff hereby repeats and realleges paragraphs 1 through 54, as though fully set forth herein.

56. For the reasons set forth above, the Defendant has violated New Jersey's common law civil conversion law by exercising dominion over the property of Plaintiff and all others similarly situated, including but not limited to, wages and tips.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with applicable compensatory damages, economic damages punitive damages, interest, exemplary damages, cost of suit, attorneys' fees, enhanced attorneys' fees, interest and any other relief the Court deems equitable and just.

                                                **COSTELLO & MAINS, LLC**

Dated: January 7, 2020                By: **/s/ Drake P. Bearden, Jr.**
                                                            **Drake P. Bearden, Jr.**