NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HARPER,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 19-21735 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

    **THIS MATTER** comes before the Court following a limited remand from the United States Court of Appeals for the Third Circuit to clarify whether Plaintiff Robert Harper's "claims were dismissed or stayed pending arbitration." (ECF No. 67.) The parties submitted briefs addressing the issue on May 24, 2024. (ECF Nos. 72 & 73.) The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court finds that Plaintiff's claims are **STAYED** pending the outcome of arbitration.

**I.    BACKGROUND**

    Plaintiff Robert Harper brought this putative class action against Defendant Amazon.com Services, Inc., alleging that Defendant misclassified "Amazon Flex drivers," failed to pay minimum wage and overtime, and withheld tips. (ECF No. 7 at 1-9.[1]) Plaintiff asserts claims under various New Jersey wage-and-hour laws and for common law conversion. (*Id.*)

---

[1]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On December 19, 2022, the Court issued an Opinion and Order granting Defendant's motion to compel Plaintiff's claims to arbitration. (ECF Nos. 63 & 64.) The Court found that Plaintiff's claims were arbitrable and that the arbitration agreement at issue was valid and enforceable under the laws of the States of Washington and New Jersey.[2] (ECF No. 63 at 10-21.) Following its Order compelling arbitration, the Court administratively closed the case on January 5, 2023. (ECF entry on 01/05/2023.)

On January 11, 2023, Plaintiff filed a notice of appeal to the Third Circuit Court of Appeals from the Court's Order and Opinion compelling his claims to arbitration. (ECF No. 65.) On December 19, 2023, the Court of Appeals ordered a limited remand to "clarify the status of . . . [P]laintiff's claims." (ECF No. 67 at 1.) The Court of Appeals explained that the December 19, 2022 Order from the District Court had clearly granted the motion to compel arbitration but "did not expressly say whether the . . . claims were dismissed or stayed pending arbitration," and the parties "dispute[d] the claims' status." (*Id.*) The Court of Appeals noted that "[a]ppellate jurisdiction may depend on whether the . . . claims were dismissed or remain pending," and it "retain[ed] jurisdiction over the appeal." (*Id.* at 1-2.)

The case was reassigned to the undersigned in late February 2024, and the Court gave the parties until May 24, 2024, to submit letter briefs with any arguments they wanted considered on remand. (ECF Nos. 70 & 71.) The parties filed briefs by the deadline. (ECF Nos. 72 & 73.)

## II.    PARTIES' ARGUMENTS

Defendant argues that "the record and binding precedent compel the conclusion that former Chief Judge Wolfson (now retired) stayed . . . [the] case during the pendency of arbitration." (ECF No. 72 at 1.) Defendant notes that it "never requested dismissal of the complaint . . . , and this

---

[2]   The Court found that Washington's law applied but it also considered New Jersey law because "Plaintiff insist[ed] that New Jersey law should apply." (ECF No. 63 at 16-21.)

2

Court never ordered its dismissal." (*Id.* at 4.) Instead, after compelling arbitration, the Court merely "administratively closed the docket," which served "the practical effect of . . . stay[ing], but not dismiss[ing], Mr. Harper's complaint." (*Id.* at 4-6.) Defendant argues that "[t]o the extent there is any factual ambiguity, the Court lacked discretion to dismiss the case pending arbitration." (*Id.* at 6-7.) Defendant claims that under the Federal Arbitration Act ("FAA") as well as both Washington and New Jersey law, a court must stay a case pending arbitration when requested, as here. (*Id.* (collecting cases).) Defendant contends that the United States Supreme Court "recently reached the same conclusion in" *Smith v. Spizzirri*, 601 U.S. 472 (2024). (*Id.* at 7.)

In opposition, Plaintiff argues that "Judge Wolfson's December 19, 2022 Opinion and Order . . . make clear that the Court . . . dismissed Plaintiff's Amended Complaint while compelling arbitration." (ECF No. 73 at 2.) Plaintiff notes that while Defendant "did . . . request that the Court compel arbitration and enter a stay during the pending of the arbitration," the Court did not use Defendant's proposed order but instead issued an Order "compelling arbitration, and deleting any reference to a stay." (*Id.* at 2-3.) Plaintiff also notes that Judge Wolfson's Opinion referred to Defendant's motion to compel arbitration "as one to 'dismiss Plaintiff's Amended Complaint.'" (*Id.* at 4.) Plaintiff argues that under *Smith v. Spizzirri*, his "automatic right to appeal was triggered by the Court's failure to enter an order staying this action." (*Id.*) Plaintiff also argues that the limited remand from the Third Circuit directs this Court "only to clarify whether the Opinion and Order dismissed this action," not "to modify or correct the December 19, 2022 Opinion and Order." (*Id.* at 5 (emphasis removed).)

III.   **DISCUSSION**

Having carefully reviewed the record, the parties' arguments, and the applicable law, the Court clarifies that the December 19, 2022 Order compelling arbitration stays Plaintiff's claims pending the outcome of arbitration.

The Court finds that nothing in the record indicates that Chief Judge Wolfson intended to dismiss—instead of stay—the claims. Nowhere in the Order did the Court state that it was dismissing the claims; the Court said only that it was granting Defendant's motion to compel arbitration. (ECF No. 64 at 1 ("**ORDERED** that Defendant's motion to compel arbitration (ECF No. 56) is **GRANTED**.").) As part of that granted motion, Defendant requested that the claims be stayed during the arbitration. (ECF No. 56-2 at 1-2 (proposed order from Defendant requesting that the Court direct that the action "is **STAYED** during the pendency of arbitration").) The limited instance when the word "dismiss" is even used by the Court is in its accompanying Opinion where the Court characterized the motion to be decided as a "motion to dismiss the Amended Complaint and compel arbitration under the Federal Arbitration Act . . . [or] in the alternative, . . . arbitrate this dispute under Washington or New Jersey arbitration statutes." (ECF No. 63 at 1.) The Court found that under either New Jersey or Washington law "the arbitration clause is valid and covers the statutory claims brought by Plaintiff." (*Id.* at 21.) The Court concluded therefore that "Plaintiff's claims in the Amended Complaint will be referred to arbitration," with no mention of the claims being dismissed. (*Id.*)

Plaintiff argues that the Court should infer dismissal of the claims because Chief Judge Wolfson did not rely on the proposed order that had been submitted by Defendant along with its motion. The proposed order clearly stated that the claims would be stayed pending arbitration. (ECF No. 56-2 at 1-2.) But the Court sees no basis to make such an inference. It is common for the Court to draft its own orders instead of relying on proposed orders filed by the parties. The omission of proposed language without any acknowledgement or reason given for the omission does not necessarily reflect a considered decision by the Court to chart a different course. And this is not a case where the Court clearly held that the claims were dismissed in favor of arbitration. *See, e.g., Carrone v. UnitedHealth Grp. Inc.*, Civ. No. 20-5138, 2020 WL 4530032, at *4 (D.N.J.

Aug. 6, 2020) ("[T]he Complaint against Defendants is dismissed in favor of arbitration."); *Raynor v. Verizon Wireless (VAW), LLC*, Civ. No. 15-5914, 2016 WL 1626020, at *6 (D.N.J. Apr. 25, 2016) ("Because neither party requests a stay of the proceedings, the Court dismisses the case in favor of arbitration.").

Further, it is not typical to dismiss claims without expressly saying so. Dismissing a claim is a significant act that is plainly stated in most cases. *See, e.g.*, *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247-48 (3d Cir. 2013) ("The court never mentioned a dismissal—either with or without prejudice. . . . PGW nevertheless urges us to construe the District Court's order as a final order—in effect, a dismissal . . . . That we will not do. Words matter."); *SBRMCOA, LLC v. Bayside Resort, Inc.*, 596 F. App'x 83, 86 (3d Cir. 2014) ("[W]e have not held that a case has been dismissed under the FAA absent express language from the district court to that effect.").

Finally, that the case was administratively terminated approximately two weeks following the Order compelling arbitration does not support the inference that the claims were dismissed. Temporarily closing a case that will be dormant for an appreciable period of time (such as when an arbitration is taking place) is a recognized way for the Court to manage its active docket. *See, e.g.*, *Freeman*, 709 F.3d at 247 ("District courts often use administrative closings to prune their overgrown dockets. The practical effect is 'to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository.'" (citations omitted)); *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases." (citations omitted)).

The Court also finds that the FAA as well as New Jersey's and Washington's arbitration statutes all support staying the claims in this case pending arbitration. In *Smith v. Spizzirri*, the United States Supreme Court held that under section 3 of the FAA, a district court must stay—not dismiss—a case when the dispute is subject to arbitration and a party requests a stay pending arbitration. 601 U.S. at 478 ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."); *see also Estanislao Enterprises Inc. v. FedEx Ground Corp.*, Civ. No. 23-1809, 2024 WL 3315526, at *10 (W.D. Pa. July 5, 2024) ("Since FedEx Ground has requested a stay, this Court must enter an appropriate Order staying this matter pending their completion of the arbitration."); *Jackson v. Zep Mfg.*, Civ. No. 23-2622, 2024 WL 1175713, at *7 (E.D. Pa. Mar. 19, 2024) ("Section 3 of the FAA requires that a court stay an action pending arbitration when a party has requested a stay.").

New Jersey's Arbitration Act and its precedent applying that Act also require a stay during the pendency of arbitration. N.J. Stat. Ann. § 2A:23B-7(g) ("If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."); *GMAC v. Pittella*, 17 A.3d 177, 184 n.7 (N.J. 2011) ("[T]he Uniform Arbitration Act, N.J.S.A. 2A:23B-7(g), would only enable the trial court to 'stay' the claims."); *Perez v. Sky Zone LLC*, 276 A.3d 190, 197 (N.J. Super. Ct. App. Div. 2022) ("Under the FAA and the NJAA, a court must stay an arbitrable action pending the arbitration."). Washington's law is the same. Wash. Rev. Code Ann. § 7.04A.070(6) ("If the court orders arbitration, the court shall on just terms stay any judicial proceeding that involves a claim subject to the arbitration."); *Everett Shipyard, Inc. v. Puget Sound Env't Corp.*, 231 P.3d 200, 203 (Wash. Ct. App. 2010) ("Under RCW 7.04A.070(6), if the court orders the parties to arbitrate, the court must stay the proceedings

pending arbitration."). Accordingly, Plaintiff's claims in this case are stayed pending the arbitration already compelled by the Court's prior ruling.

### IV. CONCLUSION

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 15th day of August, 2024, **ORDERED** as follows:

1. The Court clarifies its prior Order compelling arbitration (ECF No. 64) to hereby **STAY** Plaintiff's claims in this case pending the outcome of arbitration.

2. Within four (4) days of this Memorandum Order, the parties shall notify the United States Court of Appeals for the Third Circuit in Case No. 23-1073 of this Court's decision on limited remand.

3. For docket management purposes only, the Clerk's Office is directed to keep this case **ADMINISTRATIVELY CLOSED** during the pendency of arbitration.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**